PHILIP TISCHLER, *Plaintiff in Error,* v. FREDA K. ROBINSON AND O. K. ROBINSON, HER HUSBAND, *Defendants in Error.*

EQUITABLE ESTATE— NOT SUBJECT TO LEVY AND SALE AT LAW.

An equitable interest in real estate that is recoverable or enforceable only in a court of equity, is not subject to levy and sale under an execution at law issued upon a judgment against the owner of such equitable interest, or for the enforcement of a deficiency decree against him in a foreclosure proceeding; and where such levy and sale are made and a deed executed by the sheriff in pursuance thereof they are nullities, and vest no title in the purchaser.

This case was decided by Division B.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*John E. Hartridge,* for plaintiff in error.

No appearance for defendants in error.

TAYLOR, J.—The defendants in error as plaintiff below instituted an action of ejectment against the plaintiff in error as defendant below in the Circuit Court of Duval County, the defendant plead the general issue, and the trial resulted in a verdict and judgment for the plaintiffs, and to have this judgment reviewed the defendant below brings the case here by writ of error.

The court at the trial instructed the jury to find for the plaintiffs and this instruction is assigned as error.

The court erred in giving this instruction, but instead, should have instructed the jury under the facts to find for the defendant. The facts in the case were as follows: The plaintiffs claimed title to the property sued for under a sheriff's deed thereto made in pursuance of a sale thereof under an execution issued for the enforcement of a deficiency decree of foreclosure of mortgage in their favor against the defendant Tischler. Tischler's rights and interests in the property thus sold and conveyed by the sheriff under such execution were solely derived from the following instrument:

Elizabeth A. Henderson, to Philip Tischler. Lease.

This Indenture, made this 25th day of June, A. D. 1889, between Elizabeth A. Henderson, of the City of Jacksonville, Duval County, Florida, party of the first part, and Philip Tischler, of the same city, county and State, party of the second part.

Witnesseth: That the said party of the first part hath letten and by these presents doth grant, demise and to farm let unto the said party of the second part, his executors, administrators and assigns, all that lot, piece or parcel of land, situate, lying and being in the City of Jacksonville, Duval County, Florida, and more particularly described as follows, to-wit:

Commencing at the northeast corner of lot eight (8)

in block eighty (80) new numbering, according to the map of the City of Jacksonville, and running south along the western line of Pine Street forty-five (45) feet; thence west one hundred and five (105) feet; thence north forty-five (45) feet; thence east one hundred and five feet to the place of beginning, the said described property being the north forty-five feet (45) of said lot eight (8) in block eighty (80) of the new numbering of the City of Jacksonville, and block thirty-two (32) old numbering.

With the appurtenances for the term of twenty-five years from the first day of October, A. D. 1889, at the yearly rental of Four Hundred ($400.00) Dollars to be paid in equal quarterly payments.

And the said party of the second part doth covenant to pay to the said party of the first part, the said yearly rental as herein specified, namely, in quarter-yearly payments on the first day of January, the first day of April, the first day of July, and the first day of October in each and every year, and at the expiration of said term the said party of the second part will quit and surrender the premises hereby demised.

And the said party of the first part, her heirs, executors, administrators and assigns doth covenant that the said party of the second part, on paying the said yearly rent and performing the covenants aforesaid shall and may peaceably and quietly have, hold and enjoy the said demised premises for the term aforesaid.

And it is further covenanted and agreed that if the party of the second part, his executors or assigns shall at any time after the expiration of five years from the date hereof, pay to the party of the first part, her executors, administrators or assigns the sum of seven Thousand Five Hundred ($7,500.00) Dollars and all rent accrued

to that time that the said party of the first part will convey the said premises by a deed with apt and proper words unto the party of the second part, his executors, administrators or assigns, or to such person or persons as he or they shall direct in fee simple free from encumbrances, liens or claims of every kind and character whatever. And it is further agreed that the party of the second part, his executors, administrators or assigns will pay all taxes, that shall or may be legally assessed against the property hereinbefore described.

It is further covenanted and agreed by and between the parties hereto that at the expiration of twenty-five years from the date hereof, if the party of the second part should not purchase and pay for said property as hereinabove provided, that the value of the buildings and other improvements placed or erected on said lot by said party of the second part shall be fixed by three disinterested parties, one to be selected by each party hereto and the third to be selected by the parties so chosen, and one-half of the valuation that shall be so fixed by said parties shall be paid by the said Elizabeth A. Henderson, her heirs, executors or assigns to the said Philip Tischler, his heirs, executors, administrators or assigns, and the improvements be and become upon such payment the property of said Elizabeth A. Henderson.

In Witness Whereof, we have hereunto set our hands and seals this 25th day of June, A. D. 1889.

E. A. Henderson,    (*Seal.*)
Philip Tischler.    (*Seal.*)

In presence of:

John E. Hartridge,
R. M. Call."

This instrument and this sale to the plaintiff by the sheriff under their deficiency decree and execution were considered by this court in the case of Thalheimer v. Tischler, 55 Fla. 796, 46 South. Rep. 514, and it was there held that such instrument conveyed to Tischler only an equitable interest in the property which he could enforce in a court of equity; and it was held further that an equitable asset of a debtor can be reached only by proper proceedings in a court of equity, and is not subject to levy and sale under an execution at law issued upon a judgment recovered against such debtor, or upon a deficiency decree rendered against him in a suit for the foreclosure of a mortgage; and that where such levies and sales are made and deeds executed by the sheriff they are nullities, and vest no title in the purchaser. And it was further held in that case that the sheriff's deed to the plaintiffs herein under which they claimed title to the property in this suit, was a nullity and vested no title in them. The result is that the judgment of the court below in this cause must be, and is, hereby reversed at the cost of the defendants in error, and the cause remanded with directions for the entry of judgment therein in favor of the plaintiff in error defendant below.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.