JAMES DEMOS, *Appellant*, v. B. LOVE WALKER, et al., *Appellees.*

Division A.

Opinion filed February 8, 1930.

*H. L. Anderson* and *Sawyer, Surrency, Carter & Keen,* for Appellant;

*Frank Redd,* for Appellee.

BROWN, J.—Appellant, who was complainant in the court below, filed his bill of complaint seeking to restrain the sale of certain lands in Sarasota County, Florida, against which an execution had been secured by appellees, B. Love Walker and husband. The prayer for temporary restraining order was granted. Defendants in due course filed their answer to the bill of complaint. No further proceedings were taken by either party until shortly after

the time for taking testimony (ninety days) had expired when the defendants on October 8, 1927, set the cause down for hearing on bill and answer. Complainant's solicitor, on November 5, 1927, filed an affidavit, the purpose of which was to explain or excuse his delay in taking testimony, and on December 24, 1927, complainant filed a formal motion for additional time to take testimony, and also a motion for dismissal without prejudice for the purpose of filing another bill, for the same relief already prayed. The court on December 27, 1927, entered a decree denying both said motions, adjudging the equities to be with the defendant, and unconditionally dismissing complainant's bill. A petition for rehearing was denied. Appeal was taken from the final decree and from the order denying a rehearing, and the denial of the said motions and the rendition of the decree are assigned as error.

Equity rule number seventy-one provides that three months and no more shall be allowed for taking testimony after the cause is at issue, unless the judge shall, upon good cause shown by either party, enlarge the same.

The affidavit of complainant's solicitor, upon which the motion for enlargement of time was based, was to the effect that he had been engaged for the preceding four months representing litigants in various parts of the State outside of Sarasota County and that for a long period of that time, since June, 1927, affiant had been absent from the State of Florida seeking to regain his health and was unable by reason of his absence and loss of health, to take proofs in the cause. This affidavit, as above stated, was made on November 5, 1927, and filed with the circuit judge. Not until more than a month later was the motion of complainant to enlarge the time filed, which motion stated that it was based upon said affidavit. It appears

that complainant had no other counsel during this period other than the one who made the affidavit.

The briefs of opposing counsel contain a very able and interesting discussion as to whether or not the court below committed reversible error in overruling the motions for enlargement of time for taking testimony and for dismissing the bill. The many cases decided by this Court dealing with these questions were keenly analyzed. Our impression is that counsel are not so far apart on the rules of law which this Court has heretofore enunciated, but they differ as the effect of their application to the facts of this case. This Court has held in many cases that in granting or refusing an application for extension of time in which to take testimony in equity cases, whether made before or after the expiration of the three months period provided for in rule 71 of equity practice, the chancellor exercises a discretion which will not be disturbed by the appellate court except in a clear case of mistake or hardship, or unless an abuse of discretion is plainly made to appear. Zetterlund v. Stratton, 90 Fla. 435, 106 So. R. 79, and cases cited. And as to motions by a complainant for the dismissal of his bill without prejudice, this Court has held that while the Court may grant such a motion, made at any time during the progress of the cause, when the dismissal would not materially prejudice the right of the defendant, yet if the defendant has entitled himself to affirmative relief, or to a hearing and disposition of the case on the merits, or has acquired some substantial right in the cause, or would be seriously prejudiced by a dismissal, or where unnecessary and prolonged litigation is apparent, or an agreement would be violated, or where it is otherwise inequitable, the cause should not be dismissed without prejudice; but that the mere burden, expense and annoyance to the defendant of another suit in

the same controversy is not generally regarded as a sufficient ground for denying plaintiff's application to dismiss without prejudice. Tilghman Cypress Co. v. Young, 60 Fla. 382, 53 So. R. 939. This Court has also held that while the speedy determination of civil causes is to be desired, still it is more imperative that they be decided justly, and where the chancellor considers that it will better enable him to do this if additional time be granted to produce the testimony, his order ought not to be reversed; that the rules of practice are for the purpose of aiding in the speedy determination of causes, while the courts are established for the higher purpose of the administration of justice; that where the strict enforcement of the letter of the rules of practice tends, in the opinion of the trial judge, to prevent or jeopardize the latter, the rules should yield to the higher purpose. O'Gara v. Hancock, 76 Fla. 1, 79 So. R. 168.

Undoubtedly it was the duty of the complainant's solicitor unless prevented for good and sufficient reasons, to have applied for an extension of time before the expiration of the three months period. The affidavit as to the loss of his health and his absence from the State does not clearly and explicitly show that he was not able to at least apply to the court within such period for an enlargement of the time. The facts as stated in the affidavit are set up as alleged reasons for inability to take proofs in the cause, and do not expressly attempt to explain the failure of counsel to apply to the court for additional time before the three months period had expired. And it was not until about two and one-half months after the time had expired that the formal motion for extension of time was filed.

The primary purpose of this suit was to test the right of the plaintiff in execution (Mrs. Walker), to subject to her writ certain lands the legal title to which, at the time of

the levy and for many months prior thereto, was outstanding in and claimed by Demos, who was a stranger to her judgment and final process. A *prima facie* case, sufficient in the judgment of the chancellor to temporarily enjoin proceedings under the execution, was made out by the sworn bill, the supporting affidavit of the judgment debtor, Petroutsa, and the documentary evidence submitted on application for the restraining order. Against the showing thus made, no countervailing proof was submitted; no contradictory oath or affidavit was filed; no denial except that contained in the unsworn answer ever given. By granting the temporary injunction the chancellor had at least tentatively decided that the complainant was entitled to the relief prayed for, upon the facts alleged in the sworn bill and upon the evidence submitted to him on such application for temporary injunction. We have held that where it is hardly possible, in the absence of any evidence, for the court, upon hearing on bill and answer, to pass upon the real merits of the controversy between the parties, there is no abuse of discretion if the court grants a motion by complainant to be allowed to dismiss her bill without prejudice to her right to relitigate the matter. Meffert v. Thomas, 51 Fla. 492, 40 So. R. 764; Merchon v. Varnard, 79 Fla. 253, 84 So. R. 95.

We are inclined to think that there was error in the decree as rendered in this case. By finding the equities to be with the defendant, the court below suffers a plaintiff in execution to levy her writ on certain lands the legal title to which had not been conveyed to nor held by Petroutsa, the defendant in execution. We refer to the last of the four tracts of land described in the bill. These lands, referred to as the "Tomek Lands," as appears from the pleadings in the cause, had been conveyed directly by the Tomeks to the Ellas Investment Company and by that

company to Demos, the complainant in the court below, who held the legal title to them at the time execution was levied. The title had apparently never been held by the defendant in execution. To have reached these lands on the theory that the conveyances mentioned were fraudulent as to her, Mrs. Walker would have had to file an appropriate bill in equity. In the status indicated by the pleadings they were not subject to the execution. The answer does not, as we understand it, clearly deny or explain away the facts shown by the bill with regard to these Tomek lands. Although such error does not appear to have been brought to the attention of the chancellor at the time the final decree was rendered, or upon the petition for rehearing, we deem it our duty to hold that, on this state of the pleadings, the chancellor erred in holding in effect that the equities were with the defendant as to all of the lands sought to be sold under defendant's execution, and unconditionally dismissing complainant's bill. It is true the answer alleges that these lands, when conveyed by the Tomeks to the Ellas Investment Co., were paid for by Petroutsa, the defendant in execution, and that the Ellas Investment Company, if it held title at all, held it in trust for such defendant in execution, and that at the time of the conveyance by the Ellas Investment Company to Demos no consideration was paid by the latter to such corporation, and that Demos knew at the time that the corporation held such lands in trust for Petroutsa. But even this did not show that the Tomek lands were subject to the execution. See Robinson v. Springfield Company, 21 Fla. 203; Tishchler v. Robinson, 56 Fla. 699, 48 So. R. 45; Thalheimer v. Fischler, 55 Fla. 796, 46 So. R. 514; Macfarlane v. Dorsey, 49 Fla. 341, 38 So. R. 512.

On the whole, we are of the opinion that the ends of law and justice would have been better and more correctly sub-

served in this case if the chancellor had either granted the complainant's motion to be allowed to dismiss his bill without prejudice, or had allowed a reasonable extension of time for the taking of testimony, and that the final decree, denying the motion for dismissal without prejudice, and finding the equities with the defendant and unconditionally dismissing the bill, was erroneous.

Reversed and remanded.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.