On Petition for Rehearing
PER CURIAM.
In the above case we reversed the chancellor in a per curiam opinion, citing as our authority several Florida cases. In their petition for rehearing the appellants set forth that we have, in effect, overlooked several opinions of the Florida Supreme Court.
The present case, however, is unlike the situation existing in Demos v. Walker, 99 Fla. 302, 126 So. 305, where the defendant had not acquired a substantial right to be heard on bill and answer, and the final decree of the chancellor dismissing the complaint with prejudice was erroneous. In the instant case the complaint was filed in December 1956, and all the defendants answered on March 7, 1957. There were no further proceedings until September 11, 1957, when plaintiffs filed a motion for pretrial conference. The plaintiffs failed to appear at a hearing on the motion, and no proceedings were taken relative thereto. On September 15, 1958, approximately one year later, plaintiffs served notice that on September 22, 1958 they would apply to the court to set the cause for trial. Then on September 22 they made an oral motion to extend the time for the taking of testimony. Both of these motions were denied. On October 14, 1958 defendants filed a motion for final decree on bill and answers and served notice of hearing to be held on October 31. On October 17 the plaintiffs filed their motion for non-suit, discontinuance, and dismissal without prejudice. Both motions were argued before the court, who granted the motion of plaintiffs but did not rule on defendants’ motion. Final decree dismissed the cause without prejudice.
Our decision held that the chancellor was in error in so doing. The defendants had acquired a substantial right to be heard on their bill and answer, which can be discerned in the cases that we cited.
The petition for rehearing is denied.
KANNER, Acting Chief Judge, SHANNON, J., and MOODY, JAMES S., Associate Judge, concur.