PER CURIAM.
This is an appeal from a final decree dismissing the cause with prejudice.
The plaintiff filed at law for a money judgment, and simultaneously filed a suit in the nature of a creditor’s bill in equity. While the law case was in process, the time for taking testimony expired in the equity action, and the defendants successfully moved for a decree on bill and answer. The granting of this motion was the subject of a previous appeal in this case, as reported in 109 So.2d 798, wherein we affirmed the chancellor per curiam.
After the plaintiff obtained judgment in the law case, the chancellor dismissed the equitable complaint with prejudice. It is the prejudicial aspect of this dismissal which now concern’s us. Although the appellants have raised three points, we find that the first two were ruled upon in the previous appeal. Therefore they will not be considered at this time, leaving appellant’s third point as to whether or not the chancellor erred in dismissing the cause with prejudice.
This is a matter of judicial discretion, and reversal will only lie upon a showing that the chancellor abused this discretion. This is clearly set forth in Demos v. Walker, 99 Fla. 302, 126 So. 305, 306, where the Supreme Court said:
“ * * * as to motions by a complainant for the dismissal of his bill without prejudice, this court has held that, while the court may grant such a motion, made at any time during the progress of the cause, when the dismissal would not materially prejudice the right of the defendant, yet if the defendant has entitled himself to affirmative relief, or to a hearing and disposition of the case on the merits,, or has acquired some substantial right in the cause, or would be seriously prejudiced by a dismissal, or where unnecessary and prolonged litigation is apparent, or an agreement would be violated, or where it is otherwise inequitable, the cause should not be dismissed without prejudice; but that the mere burden, expense and annoyance to the defendant of another suit in the same controversy is not generally regarded as a sufficient ground for denying plaintiff’s application to dismiss without prejudice. * * * ”
We fail to see in the present case where the defendant has acquired any substantial right to a prejudicial dismissal On the other hand, such a dismissal would materially prejudice the plaintiff, and, at the *490 very least, would confuse the enforcement of the judgment which plaintiff has recovered at law. We therefore must reverse, with directions to enter a decree dismissing this cause without prejudice.
Reversed.
ALLEN, C. J., and KANNER and SHANNON, JJ,, concur.