CLARK, J.
The insured appeals from summary judgment entered in favor of State Farm Insurance Company (“State Farm”) in a bad faith action. We reverse.
In the proceedings below, the insured alleged that State Farm acted in bad faith in: 1) failing to settle a claim within policy limits; 2) failing to properly advise her of the possibility of an excess verdict; and 3) failing to inform her of remedial steps available to minimize her risk of a substantial money judgment against her.
The standard of review of a summary judgment is de novo. See O’Brien v. State Farm, 999 So.2d 1081 (Fla. 1st DCA 2009); Walsingham v. Dockery, 671 So.2d 166 (Fla. 1st DCA 1996). In reviewing a summary judgment, this Court must consider all record evidence in a light most favorable to the non-moving party. If material facts are at issue and the slightest doubt exists, summary judgment must be reversed. See Hancock v. Dep’t of Corrections, 585 So.2d 1068 (Fla. 1st DCA 1991).
When an insured has surrendered to the insurer all control over a claim brought against her, the insurer is obligated to make litigation and settlement decisions in good faith, with the insured’s best interest in mind. See Boston Old Colony Ins. Co. v. Gutierrez, 386 So.2d 783 (Fla.1980). Accordingly, an insurer is required to settle a claim where a reasonably prudent person, faced with the prospect of paying the total recovery amount, would accept settlement. Berges v. Infinity Ins. Co., 896 So.2d 665 (Fla.2004).
The question of whether a liability insurer has acted in bad faith in handling a claim against the insured is determined upon the totality of the circumstances, with each case determined on its own unique facts. The question of failure to act in good faith is ordinarily for the jury. Boston Old Colony Ins. Co. v. Gutierrez; Contreras v. U.S. Security Ins. Co., 927 So.2d 16 (Fla. 4th DCA 2006). Where material issues of fact which might support a jury finding of bad faith are in dispute, summary judgment is improper. See Berges, 896 So.2d at 680-81.
In entering summary judgment for State Farm, the trial court concluded as a matter of law that State Farm could not have done more towards settling the claim against Ms. Mills and that State Farm adequately advised her of the possibility of an excess verdict, and of steps she could have taken to minimize the risk of a substantial money judgment. Given the unique factual circumstances of this case, this was error.
Considering all relevant evidence in a light most favorable to the appellant, as we must, we are persuaded that genuine dis *97 putes of material facts were present and precluded summary judgment. We therefore reverse the summary judgment, and remand for further proceedings.
REVERSED and REMANDED.
WOLF and WETHERELL, JJ., concur.