GROSS, J.
We grant the petition for writ of certio-rari and quash the decision of the circuit court affirming a county court judgment since the county court acted without jurisdiction to award damages following a hearing that violated due process.
In the county court, landlord Christopher Harvey filed a one-count complaint for tenant eviction against tenant Joyce Noimbie, alleging nonpayment of rent pursuant to section 83.56(3), Florida Statutes (2011). The three-day notice attached to the complaint indicated that it was served on the tenant after the date when payment or possession was demanded.
The tenant’s answer included a motion to dismiss, attacking the three-day notice. Also, the tenant alleged that the landlord failed to comply with a seven-day repair demand letter pursuant to section 83.60(1). Along with her answer, the tenant posted $960 in withheld rent into the registry of the court and moved the court to determine how much she needed to deposit into the court registry under section 83.60(2), Florida Statutes (2011). The county court ordered the tenant to post an additional $800 into the registry of the court and the tenant complied.
On August 29, 2011, the county court granted the tenant’s motion to dismiss because the three-day notice was insufficient on its face.[1] The court reserved jurisdiction to determine disposition of the funds in the court registry. The tenant objected to the court retaining jurisdiction, arguing that the court lost jurisdiction to consider the landlord’s claim to the security deposit once the case was dismissed with prejudice. After a hearing not noticed as an evidentiary hearing, during which the tenant again pressed the jurisdictional matter, the court heard testimony and ordered $322 to be disbursed to the tenant, with the balance of the funds in the registry to be turned over to the landlord.
In her appeal to the circuit court, the tenant challenged the county court’s jurisdiction over the funds in the court registry after the eviction case had been dismissed with prejudice. The circuit court affirmed without explanation in a brief opinion.
The standard of review for a petition for writ of certiorari filed from a decision of the circuit court rendered in its appellate capacity is whether the petitioner has been denied due process, or whether the circuit court departed from the essential requirements of law in such a way as to cause a miscarriage of justice. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530-31 (Fla.1995). The failure to correct a court action taken without jurisdiction, after a hearing that violated the tenant’s due process rights, is a departure from the essential requirements of law that resulted in a miscarriage of justice. See id. at 526, 527 n. 7 (quoting Memaugh v. City of Orlando, 41 Fla. 433, 27 So. 34, 36 (1899)).
A tenant’s statutory obligation to place rent into the court registry arises *608 within the context of “an action by the landlord for possession of a dwelling unit” where the “tenant interposes any defense other than payment.” § 88.60(2), Fla. Stat. (2011). Once the action for possession was dismissed with prejudice, the tenant’s obligation to post rent evaporated and the tenant was entitled to the return of the funds she deposited. With no case pending before the county court, the court lost jurisdiction to adjudicate the parties’ dispute over the amount of rent owed.[2] See Boss v. Wells Fargo Bank, 114 So.3d 256, 257 (Fla. 3d DCA 2013); Travelers Cas. & Sur. Co. of Am. v. Sidman, 103 So.3d 900, 902 (Fla. 2d DCA 2012). The trial court dismissed the eviction lawsuit for failing to state a cause of action but nonetheless granted the landlord damages on the merits. As we wrote in a similar situation:
A defendant is authorized ... to test the legal sufficiency of the plaintiffs complaint. It is somehow intolerable for him to be successful with his motion and then observe the court at the same time issue a sua sponte declaratory judgment unfavorable to him without the case being at issue and before the defendant can frame or file his defenses, and cross and counter claims. He wins the battle and before he is ready or advised he finds he has lost the war.
Cowne v. Weber, 257 So.2d 105, 106 (Fla. 4th DCA 1972).
Here, the situation was aggravated by the county court’s holding of an evidentia-ry hearing without adequate notice to the tenant in a lawsuit where no count of the complaint sought damages; the action was for eviction only.
Writ of certiorari granted, the circuit court’s appellate opinion is quashed, and the case is returned to the circuit court for further proceedings consistent with this opinion.
LEVINE and KLINGENSMITH, JJ„ concur.

. We note that effective July 1, 2013, section 83.60(1)(a), Florida Statutes (2013), provides that the "landlord must be given an opportunity to cure a deficiency in a notice or in the pleadings before dismissal of the action.” See Ch. 2013-136, § 12, Laws of Fla. This provision did not apply in 2011, so dismissal was the proper remedy. Under the 2013 statute, a landlord who files an eviction action with a defective three-day notice might serve a new three-day notice and serve an amended complaint.

. We note that had the county court reserved jurisdiction, it could have considered post-judgment, non-merits matters like taxable costs and attorney’s fees.