DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Petitioner,

v.

**FIGLER FAMILY CHIROPRACTIC, P.A.**, A/A/O LINDA MANNERS,
Respondent.

No. 4D15-2716

[March 30, 2016]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Sandra Perlman and Carlos A. Rodriguez, Judges; L.T. Case No. CACE 13-017127 AP.

Nancy W. Gregoire of Kirschbaum, Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Matthew D. Hellman of Matt Hellman, P.A., Plantation, for petitioner.

No appearance for respondent.

CONNER, J.

State Farm Mutual Automobile Insurance Company seeks second-tier certiorari review of a circuit court opinion rendered in its appellate capacity. We note that the case presents an issue of first impression. We deny the petition, concluding the appellate court properly interpreted Florida Rule of Civil Procedure 1.510(c).

Figler Family Chiropractic, P.A. ("Plaintiff") sued State Farm in county court for failing to make full payment for personal injury protection benefits for services rendered to State Farm's insured. State Farm denied that the treatment was related or medically necessary, and filed a doctor's affidavit, stating that he reviewed various medical records and concluded that certain portions of the treatment rendered by Plaintiff were not reasonable, related, or medically necessary. State Farm filed the affidavit during discovery using a notice of filing stating its intent to rely upon the affidavit "for any purpose permitted pursuant to the Florida Rules of Civil Procedure and Florida Evidence Code."

Thereafter, Plaintiff moved for summary judgment on the issue of whether the treatment was reasonable, related, and necessary. State Farm filed nothing specifically to oppose the motion; however, at the hearing on the motion, it sought to rely on the doctor's affidavit. The trial court granted Plaintiff's motion for summary judgment, concluding State Farm's filing did not comply with Florida Rule of Civil Procedure 1.510(c), which requires the adverse party to identify, by a certain time before the hearing, the summary judgment evidence on which it intends to rely. Subdivision (c) of the summary judgment rule states, in pertinent part:

> The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ("summary judgment evidence") on which the movant relies. The movant shall serve the motion at least 20 days before the time fixed for the hearing, and shall also serve at that time a copy of any summary judgment evidence on which the movant relies that has not already been filed with the court. *The adverse party shall identify, by notice served pursuant to rule 1.080 at least 5 days prior to the day of the hearing, or delivered no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies.* To the extent that summary judgment evidence has not already been filed with the court, the adverse party shall serve a copy on the movant pursuant to rule 1.080 at least 5 days prior to the day of the hearing, or by delivery to the movant's attorney no later than 5:00 p.m. 2 business days prior to the day of hearing.

Fla. R. Civ. P. 1.510(c) (emphasis added).

The county court entered a final judgment for Plaintiff, and State Farm appealed to the circuit court.

State Farm argued that the trial court erred in interpreting rule 1.510, claiming the rule does not require the adverse party to file a notice in response to a motion for summary judgment if the evidence upon which it seeks to rely is already in the record. It contended the trial court was injecting into the rule the requirement that the adverse party's notice must be served only *after* the moving party moves for summary judgment, when the rule states that notice may be served any time before the summary judgment hearing, providing it is timely.

Plaintiff argued that the trial court correctly enforced the plain language of the rule because State Farm failed to identify by notice, between the filing of the summary judgment motion and the hearing, the summary judgment evidence on which it relied, and that a randomly-filed notice of filing does not comply with the rule. Plaintiff pointed to the 2005 rule amendment, which required the movant and the adverse party to notify each other of the summary judgment evidence on which the party relies. In adopting the amendment, our supreme court stated:

> Subdivision (c), Motions and Proceedings Thereon, of rule 1.510, Summary Judgment, is amended to state that a motion for summary judgment must specifically identify evidence upon which it relies, and require that any evidence not already on file with the court must be served with the motion. Additionally, *the amendment provides that the adverse party must also notify the opposing party of any summary judgment evidence on which it relies, and must provide copies of any evidence not already on file with the court.*

*In re Amendments to the Fla. Rules of Civil Procedure (Two Year Cycle)*, 917 So. 2d 176, 177 (Fla. 2005) (emphasis added). Plaintiff argued that the use of the word "shall" in the rule 1.510(c) instruction that "[t]he adverse party *shall* identify, by notice . . . any summary judgment evidence on which the adverse party relies," signified that evidence identification, by notice, was mandatory. (emphasis added). The rule assumes summary judgment evidence may be on file, but requires the adverse party to take the additional step of notifying the moving party of the evidence on which it relies. There would be no purpose for the rule if the adverse party could rely on a notice filed at any point before the summary judgment hearing.

State Farm disagreed, arguing that its only reason for obtaining the doctor's affidavit was to oppose Plaintiff's motion for summary judgment; at trial, it would have presented the doctor's testimony. The circuit court affirmed per curiam without explaining its reasoning.

The standard of review for a petition for writ of certiorari to review a decision rendered by the circuit court in its appellate capacity is "'whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,' or, as otherwise stated, departed from the essential requirements of law." *Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d 1086, 1092 (Fla. 2010) (quoting *Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 530 (Fla. 1995)). "[A] district court should exercise its discretion to grant review only when the lower tribunal has violated a

3

clearly established principle of law resulting in a miscarriage of justice." *Id.* (citation omitted).

State Farm argues that the circuit court departed from the essential requirements of law by failing to apply the correct law, i.e., it caused a manifest injustice by affirming a county court judgment which in effect added the word "after" to the rule. According to State Farm, the rule as rewritten requires that notice by the adverse party be served only *after* the motion for summary judgment is filed. But, it contends, this interpretation is not supported by any Florida case. Instead, decisions speak of considering *all* the record evidence in the light most favorable to the non-moving party in determining whether to affirm a summary judgment.[1]

However, those decisions do not concern the specific issue on which this case was decided: the adverse party's failure to notify the moving party of the evidence on which it intends to rely at the summary judgment hearing. Certainly, evidence filed earlier may be considered; the rule requires only that the adverse party identify it.

The dissent contends that the majority has construed rule 1.510(c) too narrowly. Importantly, the majority and the dissent are concerned with opposite sides of the same coin: litigation game-playing. The dissent is completely correct that Florida courts have sought to adhere to the principle that the civil rules of procedure "should be interpreted to further justice and not frustrate it." *Strax Rejuvenation & Aesthetics Inst., Inc. v. Shield*, 49 So. 3d 741, 743 (Fla. 2010). However, interpreting the rule as broadly as the dissent does would appear to *increase* the chances that a party opposing summary judgment can play the "gotcha" tactic more easily than the movant who relies on the more "narrow" construction adopted by the majority. We agree with the dissent that the problem of game-playing is not resolved by using "magic words." Even if State Farm had stated in its notice, when it filed the subject affidavit, that the affidavit will be used "for any purpose permitted pursuant to the Florida Rules of Civil Procedure and Florida Evidence Code, *including to oppose any motion for summary judgment filed by the plaintiff*," the notice requirements of rule 1.510(c) would not have been met.[2]

---

[1] The decisions State Farm relies upon are *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 910 (Fla. 4th DCA 2013) (quoting *Mills v. State Farm Mut. Auto. Ins. Co.*, 27 So. 3d 95, 96 (Fla. 1st DCA 2009)), and *Baxter v. Northrup*, 128 So. 3d 908, 909 (Fla. 5th DCA 2013).

[2] On the other hand, if State Farm, after the motion for summary judgment was filed, gave general notice that "all affidavits previously filed in the court file" would

A properly crafted motion for summary judgment should frame the legal issues to be decided by the court and the movant must identify the facts in support of the motion. The movant is not supposed to ambush the opposing party. In regards to rule 1.510(c), we have said that the rule "requires that a summary judgment motion 'state with particularity the grounds upon which it is based and the substantial matters of law to be argued,'" and that "[a] court errs when it enters summary judgment upon a ground not previously raised in the initial summary judgment motion." *Adams v. Bell Partners, Inc.*, 138 So. 3d 1054, 1059 (Fla. 4th DCA 2014). Just as the rule requires that the **grounds** for the motion be specifically identified, the rule also requires that the **evidence** *in support of* and *in opposition to* the motion be specifically identified, prior to the hearing. Thus, if the movant or opposing party, at the hearing on the motion, tries to rely on record evidence in the court file that is not identified in advance of the hearing as being in support of, or in opposition to, the motion, the motion or defense to the motion should properly be denied. Interpreting rule 1.510(c) as in the dissent would allow the opposition to ambush the movant by filing a convenient "for any purpose" notice.

There is logic to the rule requirement for specificity as to both the grounds and evidence to be considered in ruling on a motion for summary judgment. The grounds frame the legal issues and the identification of evidence allows the trial court and appellate court to more easily determine if there is a dispute of material fact. Summary judgment is designed to bring the case to final resolution in an expedient fashion, if appropriate. Whether a summary judgment resolution is appropriate often depends on inferences to be drawn from evidence. Determination of the appropriateness of the motion is better facilitated when issues and evidence are clearly identified in advance of the hearing on the motion. Allowing a party, who intends to oppose any future motion for summary judgment, to file, prior to the filing of any motion, a generic notice that the documents filed during discovery will be used "for any purpose," and then allowing that party to argue that the summary judgment movant should have known that a particular document, filed in advance of the motion, would be used to oppose the motion, would be unfair and would invite game-playing. Generic "for any purpose" notices of evidence to oppose summary judgment are "shot gun" defensive tactics that do not assist the

---

be used to oppose the motion, the notice requirement of rule 1.510(c) would have been met, assuming the reference to "all" affidavits was made in good faith and not as a cloaking device. In other words, the assertion that "all" previously-filed affidavits will be used must be made in good faith.

court in carrying out "the higher purpose of the administration of justice." *Demos v. Walker*, 126 So. 305, 306 (Fla. 1930).

We conclude the trial court applied the correct law; it interpreted the rule according to the plain meaning of its wording. The petition is denied.

CIKLIN, C.J., concurs.
KLINGENSMITH, J., dissents with opinion.

KLINGENSMITH, J., dissenting.

I dissent from the majority's opinion.

The record shows that in February 2013, State Farm Mutual Automobile Insurance Company submitted to the county court a Notice of Filing Peer Review Report of Dr. Michael Mathesie, D.C. (the "February Notice"), indicating that State Farm intended to rely upon attached documents "for any purpose permitted pursuant to the Florida Rules of Civil Procedure and Florida Evidence Code." State Farm attached to the February Notice an affidavit of Dr. Mathesie as well as a report he prepared based upon a medical records review.

In both his affidavit and report, Dr. Mathesie stated that the treatment provided by Figler Family Chiropractic, P.A. (the "Clinic") was not reasonable, necessary, or related to the accident, and noted that the Clinic's own records referred to an accident date other than the one at issue. In addition to the affidavit and report, State Farm listed Dr. Mathesie as an expert witness on the parties' joint pretrial stipulation and in its responses to expert witness interrogatories, and specifically identified him in the deposition taken of its adjuster. State Farm also relied on the doctor's affidavit for its defense during the parties' court-ordered arbitration.

On April 1, 2013, almost two months after State Farm filed the February Notice, the Clinic filed a motion for final summary judgment regarding the issue of reasonable, related, and necessary treatment. The hearing on the motion was set approximately forty-five days later. At that hearing held on May 13, the Clinic's counsel told the court that State Farm had "not filed anything in opposition" to its motion. State Farm's counsel responded that it had previously filed Dr. Mathesie's affidavit and report with the court before the Clinic filed its motion.

The trial judge then asked if State Farm had done a "notice of filing" under rule 1.510(c) or a "notice of intent to rely" for the hearing, and State

6

Farm's counsel explained the contents of the February Notice. However, the court responded that the February Notice was "not good enough" under the rules:

> THE COURT: Okay. I'm just going to read the rule into the record, since there's a court reporter.
>
> Rule 1.510 Subsection C says -- and I'm reading from a sentence in it, because it's a fairly long section -- the adverse party shall identify by notice served, pursuant to Rule 1[.]080, at least five days prior to the date of the hearing, or delivered no later than 5:00 p.m. two business days prior to the date of the hearing, any summary judgment evidence on which the adverse party relies.
>
> And by failing to do that, The Court cannot consider the filing here today. So it doesn't appear that there's any reason not to grant the motion.

After rejecting both the affidavit and report on that basis, the county court granted the Clinic's motion for summary judgment. State Farm appealed this decision to the circuit court, which ultimately affirmed without explanation.

The transcript reflects that the trial judge failed to properly consider the final sentence of the portion of rule 1.510(c) he read into the record. Rule 1.510(c) in pertinent part provides:

> The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ("summary judgment evidence") on which the movant relies. The movant shall serve the motion at least 20 days before the time fixed for the hearing, and shall also serve at that time a copy of any summary judgment evidence on which the movant relies that has not already been filed with the court. The adverse party shall identify, by notice served pursuant to rule 1.080 ***at least*** 5 days prior to the day of the hearing, or delivered no later than 5:00 p.m. 2 business days prior to the day of the hearing, ***any summary judgment evidence on which the adverse party relies***.

Fla. R. Civ. P. 1.510(c) (emphasis added).

"[W]e apply a de novo standard of review when the construction of a procedural rule is at issue." *Chemrock Corp. v. Tampa Elec. Co.,* 71 So. 3d 786, 790 (Fla. 2011). Moreover, procedural rules are to be interpreted according to their plain meaning. *See id.* (interpreting Florida Rule of Civil Procedure 1.420 under its plain meaning); *see also Wilson v. Salamon,* 923 So. 2d 363, 366-67 (Fla. 2015) (same). In this case, the plain meaning is quite clear. According to the text, the rule requires only that any such notice under rule 1.510, if required, be served at least five days before the hearing date if served electronically, or two days before the hearing date if delivered.

According to the plain language of this rule as drafted by the Florida Supreme Court, it does not require service of a "notice" *after* service of a motion for summary judgment. In fact, nothing in the language of the rule prevents the adverse party's "notice" from being effectively filed <u>at any time</u> so long as it is done before the summary judgment hearing and does not violate any of the timing provisions. Applying the rule to require the filing of a notice only *after* a summary judgment motion is filed effectively adds an additional requirement to the rule that does not exist in the plain text.

When an appellate court reviews a trial court's entry of summary judgment, it "must consider all record evidence in a light most favorable to the non-moving party. If material facts are at issue and the slightest doubt exists, summary judgment must be reversed." *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 910 (Fla. 4th DCA 2013) (quoting *Mills v. State Farm Mut. Auto. Ins. Co.*, 27 So. 3d 95, 96 (Fla. 1st DCA 2009)).

The February Notice indicates that State Farm filed Dr. Mathesie's affidavit and report to challenge the Clinic's evidence *and* for any other purpose permitted by the rules, which would include opposition to any future summary judgment motion. The affidavit and report were not only "record evidence" in the case, but were also unquestionably brought to the attention of both the Clinic and the court <u>before the summary judgment hearing</u>. By refusing to consider this evidence when filed in the record along with a notice of filing expressly advising of the party's intent to rely on such evidence for any purpose permitted by the rules, the trial court erred.

In addition to reviewing a trial court's construction of a procedural rule de novo, *Chemrock Corp.,* 71 So. 3d at 790, we have also stated that:

The standard of review for a petition for writ of certiorari filed from a decision of the circuit court rendered in its appellate capacity is whether the petitioner has been denied due process, or whether the circuit court departed from the essential requirements of law in such a way as to cause a miscarriage of justice.

*Noimbie v. Harvey*, 137 So. 3d 606, 607 (Fla. 4th DCA 2014) (citing *Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 530-31 (Fla. 1995)).

Here, the lower courts' misinterpretation and misapplication of rule 1.510 effectively denied State Farm procedural due process, and departed from the essential requirements of law in such a way as to cause a miscarriage of justice.

According to the Florida Supreme Court, rules of procedure "should be interpreted to further justice and not frustrate it." *Strax Rejuvenation & Aesthetics Inst., Inc. v. Shield*, 49 So. 3d 741, 743 (Fla. 2010); *see also Singletary v. State*, 322 So. 2d 551, 555 (Fla. 1975) ("Procedural rules should be given a construction calculated to further justice, not to frustrate it."). Unlike the interpretation and application of statutes enacted by the legislature, Florida courts have long adopted a policy of flexible interpretation and application of procedural rules. As the court has also stated:

> [T]he rules of practice are for the purpose of aiding in the speedy determination of causes, while the courts are established for the higher purpose of the administration of justice; that, where the strict enforcement of the letter of the rules of practice tends, in the opinion of the trial judge, to prevent or jeopardize the latter, the rules should yield to the higher purpose.

*Demos v. Walker*, 126 So. 305, 306 (Fla. 1930).

The court has since reiterated this policy, stating that "[a]lthough there is no question that . . . rules are not to be ignored to rectify counsels' mistakes, if justice to all parties is not thereby denied, in special circumstances, special concessions should be made." *Ford v. Ford*, 8 So. 2d 495, 496 (Fla. 1942) (excusing plaintiff's counsel's failure to submit a written motion for continuance in accordance with the Common Law Rules). The majority seemingly intends to diverge from this principle.

Under the trial court's narrow interpretation of the rule, for example, a

pleading that is clearly intended to controvert a summary judgment motion but which fails to contain the "magic words" from rule 1.510(c) would have no legal significance. Alternatively, a pleading titled as a "Notice of Intent to Rely" under rule 1.510, but filed one week before plaintiff's summary judgment motion, would be similarly invalid. With all due respect to my colleagues in the majority, applying the rule as the trial court did here serves no purpose other than to stand rule 1.510(c) on its head.

Obviously, the rule was intended to prevent one party from surprising the other by using previously unidentified evidence to support or defeat a summary judgment motion; in other words, the rule removes the potential for parties to resort to "gotcha" tactics. However, when an opposing party is undeniably aware of the existence of summary judgment evidence, and knows that it will be used to oppose a summary judgment motion, the element of surprise is eliminated and the spirit of the rule has been met. Here, the Clinic knew from deposing the adjuster that State Farm was going to rely on Dr. Mathesie's testimony. There was no reason for it to think otherwise.

The majority accurately points out that the rule was intended to prevent surprise and gamesmanship. However, the rule as interpreted by the majority does not eliminate the possibility of dishonest trial strategies. What my colleagues ignore in their opinion is the undisputed fact that in this case **there was no surprise to the party moving for summary judgment**. While it is true that the possibility for game-playing can exist under either the majority's or the dissent's interpretation of the rule, any fault therein lies in the text of the rule itself, which I have endeavored to faithfully apply as it was written. The majority's suggestion that its interpretation of the rule will result in decreased gamesmanship is pure *ipse dixit* and wholly speculative. What is clearly evident, however, is that the majority's interpretation creates an irrebuttable presumption that a movant for summary judgment under these circumstances has suffered prejudice when in fact it has not. Additionally, if the standard to be applied to technically non-compliant filings under rule 1.510 is the "good faith" of the parties, as the majority suggests in its footnote 2, then the court's order should be reversed and remanded since no inquiry about good faith was ever made by the trial court.

In short, the majority has effectively approved one demonstrable form of gamesmanship over the mere potential for others, while punishing the party who made full disclosure with no surprise to the opposition. It has permitted a party with full knowledge that evidence already in the court file would be used to oppose its motion for summary judgment to prevail

on that motion, merely because the opposition did not effectuate a superfluous renoticing or reference to that evidence which is not expressly required by the rule. Such a draconian result does not achieve the "higher purpose of the administration of justice," *Demos*, 126 So. 3d at 306, and should not be sanctioned unless clear authority exists otherwise.

The majority's interpretation effectively re-writes the text of the rule to add words and meaning which are neither plain nor present, and in doing so does nothing to eliminate the potential for sharp practice. Unfortunately, there are no decisions interpreting this portion of rule 1.510(c) that might provide clear guidance on this issue. However, what decisions there are that do give guidance on rules interpretation are clear, and we should adhere to them. From my perspective, if the supreme court intended for rule 1.510 to be interpreted and applied in the manner adopted by the trial court and approved by the majority in this case, whose decisions expressly ignore century-old instruction from the court advising liberal interpretation of the rules to prevent this type of disapproved "gotcha" tactic, then that body should expressly say so.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***