CONNER, J.
State Farm Mutual Automobile Insurance Company seeks second-tier certiorari review of a circuit court opinion rendered in its appellate capacity. We note that the case presents an issue of first impression. We deny the petition, concluding the appellate court properly interpreted Florida Rule of Civil Procedure 1.510(c).
■ Figler Family Chiropractic, P.A. (“Plaintiff’) sued State Farm in county court for failing to make full payment for personal injury protection benefits for services rendered to State ■ Farm’s insured. State Farm denied that the treatment was related or medically necessary, -and filed a doctor’s affidavit, stating that he reviewed various medical records and concluded that certain- portions of the treatment rendered by Plaintiff were not reasonable, related, or medically necessary. State Farm filed the affidavit during discovery using a notice of filing stating its intent to rely upon the affidavit “for any purpose permitted pursuant to the Florida Rules of Civil Procedure and Florida Evidence Code.”
*972 Thereafter, Plaintiff moved for summary judgment on the issue of whether the treatment was reasonable, related, and necessary. State Farm filed nothing specifically to oppose the motion; however, at the hearing on the motion, it sought to rely on the doctor’s affidavit. The trial court granted Plaintiffs motion for summary judgment, concluding State Farm’s filing did not comply with Florida Rule of Civil Procedure 1.510(c), which requires the adverse party to identify, by a certain time before the hearing, the summary judgment evidence on which it intends to rely. Subdivision (c) of the summary judgment rule states, in pertinent part:
The motion shall state with particularity the grounds, upon which it is based and the substantial matters of law to be argued and shall specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence (“summary judgment evidence”) on which the movant relies. The movant shall serve the motion at least 20 days before the time fixed for the hearing, and shall also serve at that time a copy of any summary judgment evidence on which the movant relies, that has not already been filed with the court. The adverse party shall identify, by notice served pursuant to rule 1.080 at least 5 days prior to-the day of the hearing, or delivered no later than 5:00 p.m. % business days prior to the day of the hearT ing, any summary judgment evidence on which the adverse party relies. To the extent that summary judgment evidence has not already been filed with the court, the adverse party shall serve a copy on the movant pursuant to rule 1.080 at least 5 days prior to the day of the hearing, or by delivery to the mov-ant’s attorney no later than 5:00 p.m. 2 business days prior to the day of hearing. - .
Fla. R. Civ. P. 1.510(c) (emphasis added).
The county court entered a final judgment for Plaintiff, and State Farm appealed to the circuit court.
State Farm argued that the trial court erred in interpreting rule 1.510, claiming the rule does not require the adverse party to file a notice in response to a motion for summary judgment if the evidence upon which it seeks to rely is already in, the record. It contended the trial court was injecting into the rule the requirement that the adverse party’s notice must be served only after the moving party moves for summary judgment, when the rule states that notice may be served any time before the summary judgment hearing, providing it is timely.
Plaintiff argued’ that the trial court correctly enforced the plain language of the rule because State Farm failed to identify by notice, between the filing of the summary judgment motion and the hearing, the summary judgment evidence on which it relied, and that a randomly-filed notice of filing does not comply with the rule. Plaintiff pointed to the 2005'rule amendment, which required the movant and the adverse party to notify each other of the summary judgment evidence on which the party relies. In adopting the amendment, our supreme court stated:
Subdivision (c), Motions and Proceedings Thereon, of rule 1.510, Summary Judgment, is amended to state that a motion for summary judgment must specifically identify evidence upon which it relies, and require that any evidence not already on file with the court must be served with the motion. Additionally, the amendment provides that the adverse party must also notify the opposing party of any summary judgment evidence on which it relies, and must *973 provide copies of any evidence not already on file with the court.
In re Amendments to the Fla. Rules of Civil Procedure (Two Year Cycle), 917 So.2d 176, 177 (Fla.2005) (emphasis added). Plaintiff argued that the use of the word “shall” in the rule 1.510(e) instruction that “[t]he adverse party shall identify, by notice ... any summary judgment evidence on which the adverse party relies,” signified that evidence identification, by notice, was mandatory, (emphasis added). The rule assumes summary judgment evidence may be on file, but requires the adverse party to take the additional step of notifying the moving party of the evidence on which it relies. There would be no purpose for the rule if the adverse party could rely on a notice filed at any point before the summary judgment hearing.
State Farm disagreed, arguing that its only reason for obtaining the doctor’s affidavit was to oppose Plaintiffs motion for summary judgment; at trial, it would have presented the doctor’s testimony. The circuit court affirmed per curiam without explaining its reasoning.
The standard of review for a petition for writ of certiorari to review a decision rendered by the circuit court in its appellate .capacity is “ Vhether the circuit court afforded procedural due process and whether the circuit court applied the correct law,’ or, as otherwise stated, departed from the essential requirements of law.” Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010) (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)). “[A] district court should exercise its discretion to grant review only when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice.” Id. (citation omitted).
State Farm argues that the circuit court departed from the essential requirements. of law by failing to apply the correct law, i.e., it caused a manifest injustice by affirming a. county court judgment which in effect added the word “after” to the rule. According to State Farm, the rule as rewritten requires that notice by the adverse party be served only after the motion for summary judgment is filed. But, it contends, this interpretation is not supported by any Florida case. Instead, decisions speak of considering all the record evidence in the light most favorable to the nonmoving party in determining whether to affirm a summary judgment.[1]
However, those decisions do not concern the specific issue on which this case was decided: the adverse party’s failure to notify the moving party of the evidence on which it intends to rely at the summary judgment hearing. ■ Certainly, evidence filed earlier may be considered; the rule requires only that the adverse party identify it. -
The dissent contends that the majority has construed rule 1.510(c) too narrowly. Importantly, the majority and the dissent are concerned with opposite sides of the same coin: litigation game-playing. The dissent is completely correct-that Florida courts have sought to adhere to the principle that the civil rules, of procedure “should be interpreted to further justice and not frustrate it.” Strax Rejuvenation & Aesthetics Inst., Inc. v. Shield, 49 So.3d 741, 743 (Fla.2010). However, interpreting the rule as broadly as the dissent does would appear to increase the chances that *974 a party opposing summary judgment can play the “gotcha” tactic more easily than the movant who relies on the more “narrow” construction adopted by the majority. We agree with the'dissent that the problem of game-playing is not resolved by using “magic words.” Even if State Farm had stated in its notice, when it filed the subject affidavit, that the affidavit will be used “for any purpose permitted pursuant to the Florida • Rules of Civil Procedure and Florida Evidence- Code, including to oppose any motion for summary judgment filed by the plaintiff,” the notice requirements of rule 1.510(e) would not have been met.[2]
A properly Crafted motion for summary judgment should frame the legal issues to be decided by the court and the movant must identify the facts in support of the motion. The movant is not supposed to • ambush the opposing party. . In regards .to rule 1.510(c), we have, said that the -rule “requires that a.- summary judgment motion ‘state with particularity the grounds upon which it is based and the substantial matters of law to be argued,’ ” and that , “[a] court errs when it enters summary judgment upon a ground not previously raised in the initial summary judgment motion.” Adams v. Bell Partners, Inc., 138 So.3d 1054, 1059 (Fla. 4th DCA 2014). Just as the rule requires that the grounds for the motion be specifically identified, the rule also requires that the evidence in support of and in opposition to the motion be specifically identified, pri- or to the hearing. Thus, if the movant or opposing party, at the hearing on the motion, tries to rely on record evidence in the court file that is not identified in advance of the hearing as being in support of, or in opposition to, the motion, the motion or defense to the motion should properly be denied. Interpreting rule 1.510(c) as in the dissent would allow the opposition to ambush the movant by filing a convenient “for any purpose” notice.
There is logic to the rule requirement for specificity as to both the grounds and evidence to be considered in ruling on a motion for summary judgment. The grounds frame the legal issues and the identification of evidence allows the trial court and appellate court to more easily determine if there is a dispute of material fact. Summary judgment is designed to bring the case .to final resolution in an expedient fashion, if appropriate. Whether a summary judgment resolution is appropriate often depends on inferences to be drawn from evidence. Determination of the appropriateness of the motion is better facilitated when issues and evidence are clearly identified in advance of the hearing on the motion. Allowing a party, who intends to oppose any future motion for summary judgment, to file, prior to the filing of any motion, a generic notice that the documents filed during discovery will be used “for any purpose,”- and then allowing that party to argue that the summary judgment movant should have known that a particular document, filed in advance of the motion, would be used to oppose the motion, would bé unfair and would invite game-playing. Generic “for any purpose” notices of evidence to oppose summary judgment are “shot gun” defensive tactics that do not assist the court in canying out “the higher purpose of the administration *975 of justice.” Demos v. Walker, 99 Fla. 302, 126 So. 306, 306 (1930).
We conclude the trial court applied the correct law; it interpreted the rule according to the plain meaning of its wording. The petition is denied.
CIKLIN, C.J., concurs.
KLINGENSMITH, J., dissents with opinion.

. The decisions State Farm relies upon are Aery v. Wallace Lincoln-Mercury, LLC, 118 So.3d 904, 910 (Fla. 4th DCA 2013) (quoting Mills v. State Farm Mut. Auto. Ins. Co., 27 So.3d 95, 96 (Fla. 1st DCA 2009)), and Baxter v. Northrup, 128 So.3d 908, 909 (Fla. 5th DCA 2013).

. On the other hand, if State Farm, after the motion for summary judgment was filed, gave general notice that "all affidavits previously filed in the court file” would be used to oppose the motion, the notice requirement of rule 1.510(c) would have been met, assuming the reference to “all” affidavits was made in good faith and not as a cloaking device. In other words, the assertion that "all" previously-filed affidavits will be used must be made in good faith.