PER CURIAM.
What constitutes a reasonable time within which to give notice of an accident under the terms of a policy of insurance is ordinarily an issue of fact. See Continental Casualty Co. v. Shoffstall, 198 So.2d 654 (Fla. 2d DCA), cert. denied, 204 So.2d 327 (Fla.1967). Here, the appellee/in-surer failed to demonstrate conclusively that notice was unreasonable as a matter of law and, even if unreasonable, that the insurer was substantially prejudiced thereby-
While a presumption of prejudice follows a finding of unreasonable notice, that presumption may be overcome by competent evidence, Tiedtke v. Fidelity & Casualty Co. of New York, 222 So.2d 206, 209 (Fla.1969), which ordinarily raises a separate issue of fact. See Ramos v. Northwestern Mutual Insurance Co., 336 So.2d 71 (Fla.1976) (the question of whether the failure of an insured to cooperate with the insurer is so substantially prejudicial as to release an insurer from its obligation is, in most instances, a question of fact). Summary judgment for the insurer was error. See Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Reversed and remanded.