DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID HIMMEL,**
Appellant,

v.

**AVATAR PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellee.

Nos. 4D17-2724 and 4D18-0004

[October 17, 2018]

Consolidated appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 50-2016-CA-011319-XXXX-MB.

Cory S. Laufer of Laufer & Laufer, P.A., Boca Raton, for appellant.

Mihaela Cabulea and Anthony J. Russo of Butler Weihmuller Katz Craig LLP, Tampa, for appellee.

DAMOORGIAN, J.

In this consolidated appeal, David Himmel appeals from two summary judgments entered in favor of Avatar Property & Casualty Insurance Company ("Avatar") in his declaratory relief action. For the reasons discussed below, we reverse.

**Undisputed Material Facts**

Appellant owns a home which is insured by Appellee, Avatar. Appellant's policy provides that in the event of a loss giving rise to a claim, Appellant is responsible for, among other things, providing "prompt notice" to Avatar; submitting a sworn proof of loss within sixty days of request; and submitting to an examination under oath ("EUO").

On June 13, 2016, Appellant's residence sustained interior water damage after a newly installed air conditioning unit leaked. The next day, Appellant had the air conditioning installer repair the unit and also had a water remediation company remove any impacted flooring. The day after that, Appellant's public adjuster notified Avatar of the loss.

Avatar agreed to investigate the claim and scheduled an inspection of the property. Avatar also asked Appellant to submit a sworn proof of loss within sixty days, and in doing so, provided a proof of loss form and property loss worksheet. Appellant's public adjuster timely submitted a sworn proof of loss to Avatar which provided a detailed estimate of the necessary repairs to Appellant's home. However, the public adjuster did not use the proof of loss form or property loss worksheet provided by Avatar and did not provide information regarding Appellant's personal property.

Thereafter, Avatar's counsel sent Appellant a letter advising him that the sworn proof of loss submitted by the public adjuster was "deficient in several, different respects, and thus, cannot be accepted." Aside from stating that the submitted document was "not the form supplied, but rather, some other form, from some other company, furnishing information other than that requested and required," the letter did not specify what information was missing. The letter also requested that Appellant, his wife, the public adjuster, and the corporate representatives and employees of the companies hired by Appellant to perform work on the property submit to an EUO on a scheduled date.

Appellant subsequently retained counsel who contacted Avatar's counsel about rescheduling the EUO due to counsel's and Appellant's unavailability. Avatar's counsel denied the request to reschedule the EUO based on Appellant's purported failure to submit a valid sworn proof of loss. In response, Appellant's counsel e-mailed Avatar's counsel the previously submitted sworn proof of loss as well as a personal property inventory form and again requested to reschedule the EUO. Avatar refused, reiterating that the submitted sworn proof of loss was deficient. In response, Appellant's counsel asked that Avatar's counsel explain why the proof of loss was deficient and made another request to reschedule the EUO. Avatar's counsel again refused to reschedule the EUO or explain why the proof of loss was deficient.

It is undisputed that neither Appellant, his wife, the public adjuster, nor the corporate representatives and employees of the companies hired to perform work on the property appeared for the scheduled EUO. Instead, Appellant filed a declaratory judgment action seeking a determination of whether Avatar could reasonably require Appellant, his wife, the public adjuster, and the various third parties to submit to an EUO at a time that was not mutually convenient. Avatar, in turn, filed several motions for summary judgment, two of which are the basis for this appeal. In the first motion, Avatar sought entry of partial summary judgment on the grounds

2

that Appellant failed to satisfy the post-loss contractual obligation of submitting to an EUO. In the second motion, Avatar sought entry of summary judgment on the grounds that Appellant failed to satisfy the post-loss contractual obligations of submitting a sworn proof of loss and providing "prompt notice" of the loss.

Appellant responded to Avatar's motions for summary judgment and argued that his cooperation with the post-loss conditions and explanation for not submitting to an EUO precluded entry of summary judgment. Attached to the response were several exhibits, including the various e-mail exchanges between Appellant's counsel and Avatar's counsel showing the repeated requests to reschedule the EUO; an affidavit from Appellant's counsel attesting to his efforts to reschedule the EUO and the reasons provided for rescheduling; an affidavit from Appellant attesting to his efforts to mitigate the damage; and the sworn proof of loss submitted to Avatar by the public adjuster.

Following a hearing, the court granted the two aforementioned motions for summary judgment. In its orders, the court found that the undisputed evidence demonstrated that Appellant failed to submit for an EUO; failed to submit a sworn proof of loss; and failed to provide Avatar with prompt notice of the loss. The court also found that the undisputed facts demonstrated Avatar was prejudiced by Appellant's failure to comply with the post-loss obligations. The court did not make a determination as to whether Avatar could reasonably require Appellant to submit to an EUO at a date and time that was not mutually convenient. In light of the dispositive nature of the rulings, the court thereafter entered final judgment in Avatar's favor. This consolidated appeal follows.

**Analysis**

*1) EUO*

We begin our analysis by addressing the trial court's finding that Appellant breached the policy by failing to submit to an EUO. "An insured's refusal to comply with a demand for an [EUO] is a willful and material breach of an insurance contract which precludes the insured from recovery under the policy." *Goldman v. State Farm Fire Gen. Ins. Co.*, 660 So. 2d 300, 303 (Fla. 4th DCA 1995). "If, however, the insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury." *Haiman v. Fed. Ins. Co.*, 798 So. 2d 811, 812 (Fla. 4th DCA 2001) (quoting *Diamonds & Denims, Inc. v. First of Ga. Ins. Co.*, 417 S.E.2d 440, 442 (Ga. Ct. App. 1992)).

Here, although it is undisputed that Appellant failed to appear for the scheduled EUO, the record evidence reflects that Appellant's counsel repeatedly requested to reschedule the EUO to a mutually convenient date and time due to unavailability. Appellant attached to his response in opposition to Avatar's motions for summary judgment evidence showing the efforts made to reschedule the EUO. Accordingly, Appellant presented evidence showing that he cooperated to some degree and/or provided an explanation for his noncompliance which in turn created a question of fact as to whether there was a willful and material breach of the EUO provision, thus precluding entry of summary judgment. *See Lewis v. Liberty Mut. Ins. Co.*, 121 So. 3d 1136, 1136–37 (Fla. 4th DCA 2013) (whether insured's refusal to attend EUO unless it was via telephone or at her attorney's office constituted a willful and material breach was a fact issue precluding summary judgment based on insured's failure to cooperate); *Haiman*, 798 So. 2d at 812.

### 2) Prompt Notice

We next address the trial court's finding that Appellant breached the policy by failing to provide Avatar with prompt notice. "Notice is necessary when there has been an occurrence that should lead a reasonable and prudent [person] to believe that a claim for damages would arise." *Ideal Mut. Ins. Co. v. Waldrep*, 400 So. 2d 782, 785 (Fla. 3d DCA 1981). Notice is said to be prompt when it is provided "with reasonable dispatch and within a reasonable time in view of all of the facts and circumstances of the particular case." *Laquer v. Citizens Prop. Ins. Corp.*, 167 So. 3d 470, 474 (Fla. 3d DCA 2015) (quoting *Yacht Club on the Intracoastal Condo. Ass'n v. Lexington Ins. Co.*, 599 Fed. Appx. 875, 879 (11th Cir. 2015)). Accordingly, "the issue of whether an insured provided 'prompt' notice generally presents an issue of fact." *Id.*; *see also Gonzalez v. U.S. Fid. & Guar. Co.*, 441 So. 2d 681, 681 (Fla. 3d DCA 1983) ("What constitutes a reasonable time within which to give notice of an accident under the terms of a policy of insurance is ordinarily an issue of fact."). *But see Kroener v. Fla. Ins. Guar. Ass'n*, 63 So. 3d 914, 916 (Fla. 4th DCA 2011) (notice of loss provided over two years after the date of loss did not constitute "prompt" notice as a matter of law).

In the present case, the policy requires Appellant to provide "prompt notice" of the loss. Accordingly, Appellant was required to provide notice within a reasonable time given all of the facts and circumstances surrounding the loss. *Laquer*, 167 So. 3d at 474. To that end, the summary judgment evidence reflects that Appellant provided Avatar with notice of the claim two days after the leak was first discovered and one day

4

after the actual damage was discovered. The evidence also reflects that during those two days, Appellant was actively attempting to mitigate the damage by fixing the leak and removing the impacted flooring. Whether waiting two days before providing Avatar with notice was untimely in view of all of the facts and circumstances surrounding the loss was an issue of fact for the jury to determine.

### 3) Sworn Proof of Loss

Lastly, we address the trial court's finding that Appellant breached the policy by failing to submit a sworn proof of loss. It is well established that an insured's failure to submit a sworn proof of loss before filing suit is usually fatal to the insured's claim. *Kramer v. State Farm Fla. Ins. Co.*, 95 So. 3d 303, 306 (Fla. 4th DCA 2012). When an insured does submit a sworn proof of loss, however, the issue of whether the submitted document "substantially complie[s] with policy obligations is a question of fact" which precludes the entry of summary judgment. *State Farm Fla. Ins. Co. v. Figueroa*, 218 So. 3d 886, 888 (Fla. 4th DCA 2017); *see also Schnagel v. State Farm Mut. Auto. Ins. Co.*, 843 So. 2d 1037, 1038 (Fla. 4th DCA 2003).

Here, it is undisputed that Appellant submitted a timely sworn proof of loss via his public adjuster. Although on a different form, the submitted sworn proof of loss contained substantially the same information as requested in the form provided by Avatar with the exception of any claimed personal property loss. Nonetheless, whether Appellant's failure to include information about his personal property loss in the sworn proof of loss constituted a material breach of the policy was an issue of fact for the jury, not the trial court, to determine. *See Schnagel*, 843 So. 2d at 1038 (holding that where the insured provided some, but not all, of the insurer requested documents pursuant to the policy's cooperation clause, the issue of whether the insured materially breached the policy was one for the jury to resolve).

For the foregoing reasons, we reverse the two summary judgments and remand for further proceedings consistent with this opinion.[1]

---

[1] We reject Avatar's argument that affirmance is required pursuant to the tipsy coachman doctrine. In addition to the two motions for summary judgment at issue in this case, Avatar also filed three other separate motions for summary judgment. Following a hearing, the trial court entered three separate orders denying those motions. Avatar has not filed a cross-appeal seeking review of those orders. Instead, Avatar now seeks affirmance of the two orders before this Court based on the alternate legal arguments contained in the three motions/orders which are not properly before this Court. If Avatar wanted to

*Reversed and remanded.*

CIKLIN and CONNER, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

---

challenge the trial court's rulings on those motions, it should have filed a cross-appeal. *Allen v. TIC Participations Tr.,* 722 So. 2d 260, 261 (Fla. 4th DCA 1998) (holding that when a final order is entirely favorable to appellee, a cross-appeal is the appropriate method for seeking review of an earlier non-final order).