DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RESTORATION CONSTRUCTION, LLC,**
Appellant,

v.

**SAFEPOINT INSURANCE COMPANY,**
Appellee.

No. 4D19-3790

[December 9, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. CACE 17-012594.

Donald G. Peterson and Yasser Lakhlifi of Yarnell & Peterson, P.A., Naples, for appellant.

Curt Allen of Butler Weihmuller Katz Craig, LLP, Tampa, and Paulo R. Lima and Elizabeth K. Russo of Russo Appellate Firm, Miami, for appellee.

KLINGENSMITH, J.

Appellant Restoration Construction, LLC, as assignee of the insureds' claim against SafePoint Insurance Company ("the insurer"), appeals the trial court's grant of summary judgment in the insurer's favor. The trial court found that the insureds' delay in reporting their insurance claim to the insurer was a failure to satisfy one of the post-loss contractual obligations contained in their policy. We reverse the summary judgment.

The insureds had an insurance policy on their property from the insurer which covered water and mold damage, provided that they complied with "all applicable provisions of" the policy. One of those provisions stated that after a claimed loss, the insureds were required to "give prompt notice to [the insurer] or [its] agent."

After the insureds discovered a water leak under their kitchen sink on January 30, they contacted a repair company to remedy the leak. They also retained Restoration the same day to perform water extraction, mold remediation, and repair services. Both Restoration and the repair company began repairs the same day they were contacted. In exchange

for the services that Restoration performed, it received an assignment of the benefits under the insureds' insurance policy with the insurer. However, the insureds did not notify the insurer of the leak until five days later, on February 4.

When the insurer learned of the leak, it assigned a claim number to the loss but did not send a representative to inspect the property until February 9—five days after it received notice. Another twelve days passed before the insurer sent its retained professional inspectors to visit the property and prepare a report. In that report, the inspectors noted that they reviewed an invoice from the repair company indicating that the repair company had replaced "a leaking hot water supply line servicing the kitchen sink." The report stated that this replacement and the removal of other items within the kitchen area prior to its visit "severely hampered [their] investigation and impeded [their] ability to determine specific causes and origins of damage reported by the [insureds] and separate damages attributable to historical water discharges, leakages, and seepages from damages which may have been caused by a recent water leakage event." Thus, the inspectors opined that they were "unable to confirm" the cause of the water discharge in the sink or delineate the extent of damage that was attributable to that water discharge. Based on this report, the insurer notified the insureds that it was "unable to confirm" the water damage and neither accepted nor denied coverage of their claimed damages.

As a result of the insurer's failure to accept coverage for the insureds' damages, Restoration filed a complaint for breach of contract against the insurer. Instead of filing an answer to the complaint, the insurer filed two motions for summary judgment. In its first motion, the insurer claimed that it did not breach the policy as a matter of law. The insurer's second motion claimed that the insureds failed to satisfy two of their post-loss contractual obligations: provide the insurer "prompt notice" of their loss and "show the damaged property." Because the insureds sustained water loss on or around January 30, and did not contact the insurer about this until February 4, the insurer argued that the insureds did not provide "prompt notice" and breached that condition of their policy. The insurer further asserted that a plumber working for the repair company completely repaired the cause of the loss and discarded the failed parts. According to the insurer, this not only deprived it of an opportunity to inspect the parts but also breached the "show the damaged property" condition of the insureds' policy. Finally, the insurer argued these breaches created a presumption of prejudice that Restoration had not overcome.

In response to the insurer's motion for summary judgment, Restoration argued that material facts remained in dispute and precluded summary

2

judgment. According to Restoration, this included whether the insurer received prompt notice of the loss; whether the insureds complied with their insurance policy; whether the insurer was able to view the damaged property; and, the value of the repair.

After hearing extensive argument, the court denied the insurer's first motion for summary judgment (no breach as a matter of law) but granted the insurer's second motion for summary judgment (failure to satisfy post-loss contractual obligations). The trial court found that "waiting several days to report the water loss, while at the same time engaging contractors to repair and remediate the water loss, does not amount to providing 'prompt' notice of the loss under the circumstances." In granting summary judgment, the court limited its ruling to the issue of notice and did not address whether the insureds breached the policy provision requiring the insured to "show the damaged property." After making its rulings, the trial court entered a final judgment in the insurer's favor. This appeal followed.

"The standard of review of an order granting summary judgment is de novo." *Branch-McKenzie v. Broward Cnty. Sch. Bd.*, 254 So. 3d 1007, 1012 (Fla. 4th DCA 2018) (quoting *Patten v. Winderman*, 965 So. 2d 1222, 1224 (Fla. 4th DCA 2007)). "Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *McCarthy v. Broward Coll.*, 164 So. 3d 78, 80 (Fla. 4th DCA 2015) (quoting *Jelic v. CitiMortgage Inc.*, 150 So. 3d 1223, 1224–25 (Fla. 4th DCA 2014)). Material facts are those that may affect the outcome of the case. *See Winn–Dixie Stores, Inc. v. Dolgencorp., Inc.*, 964 So. 2d 261, 263–64 (Fla. 4th DCA 2007). "If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." *Moore v. Morris*, 475 So. 2d 666, 668 (Fla. 1985). "When evaluating summary judgment evidence, the court must 'draw every reasonable inference in favor of the non-moving party.'" *McCarthy*, 164 So. 3d at 80 (quoting *Knight Energy Servs., Inc. v. Amoco Oil Co.*, 660 So. 2d 786, 788 (Fla. 4th DCA 1995)). Thus, the trial court should not grant summary judgment "'unless the facts are so crystallized that nothing remains but questions of law.'" *Villazon v. Prudential Health Care Plan, Inc.*, 843 So. 2d 842, 853 (Fla. 2003) (quoting *Shaffran v. Holness*, 93 So. 2d 94, 97–98 (Fla. 1957)).

The determination of whether an insured provides "prompt" notice of a loss to an insurer is a material issue of fact as it may affect the insurer's coverage decision. *See Himmel v. Avatar Prop. & Cas. Ins.*, 257 So. 3d 488,

492 (Fla. 4th DCA 2018). "Notice is said to be prompt when it is provided 'with reasonable dispatch and within a reasonable time in view of all of the facts and circumstances of the particular case.'" *See id.* (quoting *Laquer v. Citizens Prop. Ins. Corp.*, 167 So. 3d 470, 474 (Fla. 3d DCA 2015)).

In *Himmel*, this court reversed a summary judgment entered in favor of an insurer. After reviewing the applicable case law, we held that "the issue of whether an insured provided 'prompt' notice generally presents an issue of fact." *Id.* (citations omitted). We also noted that the evidence in the case reflected that the insured "provided [the insurer] with notice of the claim two days after the leak was first discovered and one day after the actual damage was discovered" and that he "was actively attempting to mitigate the damage" during those two days. *Id.* Thus, in light of those facts and the applicable law, we opined that the issue of whether the insured's notice was untimely was an issue of fact for the jury. *Id.*

Because the resolution of insurance claim cases involve different scenarios, whereby the timing of the insured's notice is superimposed over a backdrop of other relevant facts, we do not wish to create a bright line rule for when notice to an insurer is no longer "prompt." In some cases, a five-day delay could clearly prejudice an insurer's evaluation of a claim. Here, the trial court found that the insureds' notice to the insurer five days after they discovered a water leak was not prompt as a matter of law. It made this finding despite the fact that the insurer waited another five days before sending an adjuster out to see the premises and then waited almost two additional weeks before engaging a third-party inspector to help assess the claim. Under these facts, the question of whether the insureds' notice to the insurer was untimely and caused prejudice to the insurer is a question of fact for the jury to resolve in view of "all of the facts and circumstances surrounding the loss." *See Himmel*, 257 So. 3d at 492.

We therefore reverse the summary judgment entered in favor of the insurer and remand for further proceedings consistent with this opinion. In doing so, we need not address the other issues raised by Restoration on appeal.

*Reversed and remanded.*

GERBER and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4