DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEVE HESLOPE,**
Appellant,

v.

**UNIVERSAL PROPERTY AND CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D20-1280

[November 17, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jaimie R. Goodman, Judge; L.T. Case No. 50-2017-CA-008010-XXXX-MB.

Gray R. Proctor of Kramer, Green, Zuckerman, Greene, & Buchsbaum, P.A., Hollywood, for appellant.

Paulo R. Lima and Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, for appellee.

PER CURIAM.

The appellant, Steve Heslope ("Appellant"), appeals the trial court's entry of final summary judgment in favor of the appellee, Universal Property & Casualty Insurance Company ("Universal"), in this first-party property insurance case. He argues that the trial court erred when it granted summary judgment in favor of Universal on the basis that he never submitted a valid sworn proof of loss for each of his claims. He contends that, the record reflected that he did in fact submit sworn proofs of loss for each claim and that whether his sworn proofs of loss were in material breach of the policy's post-loss duties was a question of fact, precluding summary judgment. We agree.

In moving for summary judgment, Universal argued that Appellant's sworn proofs of loss[1] were invalid and a legal nullity because they were not

---

[1] There were two proofs of loss submitted by Appellant; one for a claim of loss related to a bathroom plumbing leak, and the other for a claim related to a kitchen plumbing leak.

signed by Appellant's spouse, as required by the policy; Appellant did not provide a description of the losses; and Appellant did not delineate what he was claiming for building damage, personal property, and additional living expenses. Without conceding that any breach occurred, Appellant maintains that even assuming some technical noncompliance with the sworn proofs of loss, the determination of whether such constitutes a "material breach" is a question of fact where there has been at least partial compliance.

"It is well established that an insured's failure to submit a sworn proof of loss before filing suit is usually fatal to the insured's claim." *Himmel v. Avatar Prop. & Cas. Ins. Co.*, 257 So. 3d 488, 493 (Fla. 4th DCA 2018). However, "[w]hen an insured does submit a sworn proof of loss, . . . the issue of whether the submitted document 'substantially complie[s] with policy obligations is a question of fact' which precludes the entry of summary judgment." *Id.* (alteration in original) (quoting *State Farm Fla. Ins. Co. v. Figueroa*, 218 So. 3d 886, 888 (Fla. 4th DCA 2017)).

Here, Appellant undisputedly submitted a sworn proof of loss through his public adjuster for each claim. In this regard, Universal's assertion below was not that Appellant never filed a sworn proof of loss, but rather, that Appellant failed to include certain information in his sworn proofs of loss. However, the question of whether Appellant's failure to include his spouse's signature, further describe the losses, or delineate his claimed building damage, personal property damage, or additional living expenses constituted a material breach of the policy was an issue of fact for the jury to determine, precluding summary judgment. *Himmel*, 257 So. 3d at 493.[2]

Based on the foregoing, we reverse the judgment entered below and remand for further proceedings.

*Reversed and remanded.*

CONNER, C.J., MAY and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Universal appears to concede this point, but raises several "tipsy coachman" arguments for affirmance of the summary judgment ruling. *See Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999). We reject those arguments without discussion.