DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARCO HUERTAS** and **MIOZOTI HUERTAS,**
Appellants,

v.

**AVATAR PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D21-953

[January 26, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Frank S. Castor, Judge; L.T. Case No. 50-2018-CC-004631-XXXX-MB.

Monique A. Low of David Low & Associates, P.A. Fort Lauderdale, for appellants.

Elizabeth K. Russo and Paulo R. Lima of Russo Appellate Firm, P.A., Miami, for appellee.

FORST, J.

Appellants Marco and Miozoti Huertas ("Homeowners") appeal the trial court's final order granting Appellee Avatar Property & Casualty Insurance Company's ("Insurer") summary judgment motion, with respect to Homeowners' breach of contract complaint. On appeal, Homeowners argue that summary judgment for Insurer was inappropriate because genuine issues of material fact remained outstanding, namely whether Homeowners substantially complied with their post-loss responsibilities under their insurance contract with Insurer. We agree and reverse the trial court's decision, remanding for further proceedings.

## Background

This case concerns a dispute regarding property and casualty insurance coverage provided by Insurer to Homeowners. The latter suffered sudden and accidental water damage to their home as the result of a plumbing leak, and subsequently filed a claim with Insurer.

Homeowners' insurance policy imposed several obligations for Homeowners to satisfy to state a claim, including filing a sworn proof of loss ("SPOL"). After receiving Homeowners' SPOL and conducting an inspection of the property, Insurer initially informed them that the property damage was covered by their existing policy.

However, two months after Homeowners submitted their SPOL, Insurer informed them the SPOL was insufficient. Insurer provided Homeowners with a form meant to act as a new SPOL and asked them to submit to an examination under oath ("EUO"). An EUO was then conducted on April 4, 2017.

Insurer ultimately denied Homeowners' claim and declined coverage for their losses, citing several alleged violations of Insurer's mandatory post-loss procedures committed by Homeowners. Notably, Insurer pointed to Homeowners' inability to answer all questions presented to them at their EUO, as well as their failure to submit a fully compliant SPOL in the time required by the contract. Homeowners responded by filing a complaint alleging breach of contract.

The parties filed competing motions for summary judgment. Homeowners attached the deposition transcript of Insurer's field adjuster and fact witness, who had inspected the property on behalf of Insurer. Homeowners also attached the affidavit of their expert witness to the memorandum of law filed in support of their summary judgment motion. Insurer supported its motion with an affidavit filed by its corporate representative.

After a hearing on the parties' respective summary judgment motions, the trial court granted summary judgment in favor of Insurer. Neither the order granting summary judgment nor the court's final judgment in Insurer's favor provide any analysis; the summary judgment order merely states "[Insurer] filed an affidavit in support of its motion on November 11, 2020, while [Homeowners] failed to provide an affidavit in opposition."

Arguing Insurer's evidence (primarily the corporate representative's affidavit) was insufficient to establish the lack of a genuine issue of material fact, Homeowners appeal the trial court's summary judgment decision.

**Analysis**

We review de novo the question of whether the trial court erred in finding that Insurer met its burden for summary judgment. *See Restoration Constr., LLC v. SafePoint Ins. Co.*, 308 So. 3d 649, 651 (Fla. 4th DCA 2020).

If, after reviewing the entire record in a light most favorable to the non-moving party, this Court still finds that "material facts are at issue and the slightest doubt exists, [then] summary judgment must be reversed." *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So. 3d 904, 910 (Fla. 4th DCA 2013) (quoting *Mills v. State Farm Mut. Auto. Ins. Co.*, 27 So. 3d 95, 96 (Fla. 1st DCA 2009)). Under the summary judgment standard in effect at the time of trial,[1] the burden was on Insurer to show *conclusively* that no genuine issue of material fact existed, such that all reasonable inferences which may be drawn in favor of the opposing party are overcome. *Lenhal Realty, Inc. v. Transamerica Com. Fin. Corp.*, 615 So. 2d 207, 208 (Fla. 4th DCA 1993) (citing *Landers v. Milton*, 370 So. 2d 368, 370 (Fla. 1979), and *Holl v. Talcott*, 191 So. 2d 40, 43–44 (Fla. 1966)).

### A. Homeowners offered sufficient opposition to Insurer's motion for summary judgment

As noted above, the trial court premised its grant of summary judgment in favor of Insurer solely on Homeowners' "fail[ure] to provide an affidavit in opposition" to Insurer's motion for summary judgment. This is an insufficient basis on which to grant summary judgment in this case.

First, this conclusion disregards the affidavit and deposition transcript filed by Homeowners in support of their motion for summary judgment, which are responsive to the arguments set forth in Insurer's motion. As such, this case is distinguishable from the opinion relied upon by Insurer,

---

[1] After the trial court issued its final summary judgment that is the subject of the instant appeal, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.510(c) to adopt a new summary judgment standard. *See In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 309 So. 3d 192, 194–95 (Fla. 2020) (adopting the federal summary judgment standard). The amendment, which became effective on May 1, 2021, does not apply here as the final judgment predates that amendment. *See Wilsonart, LLC v. Lopez*, 308 So. 3d 961, 964 (Fla. 2020) (stating that the amendment to rule 1.510(c) applies prospectively); *Tank Tech, Inc. v. Valley Tank Testing, L.L.C.*, 46 Fla. L. Weekly D1264, 2021 WL 2212092 at *1 n.1 (Fla. 2d DCA June 2, 2021) (holding that amendment to rule 1.510 did not apply because final judgment had been entered before the effective date of the change, May 1, 2021, and noting that the rule change applies prospectively).

*State Farm Mutual Automobile Insurance Co. v. Figler Family Chiropractic, P.A.,* 189 So. 3d 970 (Fla. 4th DCA 2016).  In that case, we held that a nonmoving party to a summary judgment hearing must notify the movant of evidence they intend to use at that hearing.  *Id.* at 973–74.  Here, since both parties' motions for summary judgment were considered at the same hearing, Insurer was aware of the evidence Homeowners intended to use at the hearing—it was attached to Homeowners' motion and memorandum of law.  As such, unlike in *Figler Family*, the movant (actually, the co-movant) here was not "ambushed" by evidence presented without notice.  *See id.* at 974.

Second, a party against whom a motion for summary judgment has been filed is not required to make any showing in support of its position until the moving party has met its burden of production.  *Wells Fargo Bank, N.A. v. Bilecki,* 192 So. 3d 559, 561–62 (Fla. 4th DCA 2016).  Here, Insurer's motion relied upon the corporate representative's affidavit.  However, this affidavit was deficient, containing primarily inadmissible hearsay.

For an affidavit to be admissible, it:

> [M]ust be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all documents or parts therein referred to in an affidavit must be attached thereto or served therewith.

Fla. R. Civ. P. 1.510(e) (2019).  When a supporting summary judgment affidavit fails to comply with Rule 1.510(e)'s requirements, it is legally insufficient to support the entry of summary judgment in favor of the moving party.  *Everett v. Avatar Prop. & Cas. Ins. Co.,* 310 So. 3d 536, 539 (Fla. 2d DCA 2021); *Rodriguez v. Avatar Prop. & Cas. Ins. Co.,* 290 So. 3d 560, 563 (Fla. 2d DCA 2020).

Insurer's affidavit failed under each prong of Rule 1.510(e).  The author of the affidavit—Insurer's corporate representative—failed to declare the source of the information presented therein.  Instead, Insurer merely attached four unsworn, unauthenticated documents.  Furthermore, the affidavit was a near-verbatim restatement of Insurer's motion for summary judgment, now citing Insurer's corporate counsel as its author.  Thus, it clearly fails to fulfill Rule 1.510's "personal knowledge" requirement as

4

well. Lastly, as a mere restatement of Insurer's motion for summary judgment, Insurer's affidavit contains both legal and factual conclusions.

In line with the ruling of our sister court in *Rodriguez* (which dealt with a similar affidavit filed by this insurer), we conclude that:

> Avatar's affidavit was insufficient as a basis for summary judgment. The affidavit includes matters upon which the affiant has failed to demonstrate a personal knowledge or competency, and it contains unsupported opinions and conclusions of fact and law. Rather than an affidavit based on personal knowledge, competency, and admissible facts, the affidavit here simply restates, almost verbatim, the motions for summary judgment. Because the affidavit was the basis for summary judgment, its insufficiency is fatal to the final summary judgment, and we must reverse.

*Rodriguez*, 290 So. 3d at 564.

### B. Homeowners established that genuine questions of material fact exist, precluding a grant of summary judgment for Insurer

On the merits, Homeowners' appeal and Insurer's answer brief primarily focus on two issues addressed by the trial court when granting Insurer's motion for summary judgment: (1) Homeowners' purported failure to submit a valid SPOL in a timely manner, and (2) Homeowners' purported failure to provide meaningful EUOs due to their inability to answer several key questions posed by Insurer at the examination. Homeowners respond that there remain genuine issues of material fact pertinent to these two post-loss insurance policy procedures that preclude summary judgment for Insurer.

"[F]or there to be a total forfeiture of coverage under a homeowner's insurance policy for failure to comply with post-loss obligations (i.e. conditions precedent to suit), the insured's breach must be <u>material</u>." *Id.* at 565 (emphasis omitted) (quoting *Am. Integrity Ins. Co. v. Estrada*, 276 So. 3d 905, 914 (Fla. 3d DCA 2019)). Full compliance with all post-loss provisions is not necessary to recover under an insurance contract, only *substantial* compliance, or "performance 'so nearly equivalent to what was bargained for that it would be unreasonable to deny' the other party the benefit of the bargain." *Lopez v. Avatar Prop. & Cas. Ins. Co.*, 313 So. 3d 230, 236 (Fla. 5th DCA 2021) (quoting *Green Tree Servicing, LLC v. Milam,*

177 So. 3d 7, 14 (Fla. 2d DCA 2015)).  Insurer contends Homeowners did not substantially comply with their post-loss obligations.

Insurer made a similar argument several years ago in *Himmel v. Avatar Property & Casualty Insurance Co.*, 257 So. 3d 488 (Fla. 4th DCA 2018).  The facts in that case were somewhat similar to the ones presented here.  Insurer attempted to deny the homeowner coverage due to his alleged failure to comply with the post-loss provisions found in their insurance contract.  *Id.* at 490–91.  Specifically, Insurer argued that the homeowner's failure to appear for his EUO—combined with his submission of an SPOL that Insurer claimed was deficient—barred the homeowner from recovery under the insurance contract.  *Id.*

We determined in no uncertain terms that both issues present material questions of fact for the jury to address.  *Id.* at 491–93.  Although the homeowner in *Himmel* did not comply with Insurer's demand for an EUO, he produced extensive evidence showing his numerous, unsuccessful attempts to reschedule the examination.  *Id.* at 490–91.  We held that if "the insured *cooperates to some degree* [with an insurer's request for an EUO] or provides an explanation for its noncompliance, a fact question is presented for resolution by the jury."  *Id.* at 492 (emphasis added) (quoting *Haiman v. Fed. Ins. Co.*, 798 So. 2d 811, 812 (Fla. 4th DCA 2001)).

Neither party disputes that Homeowners cooperated "to some degree" with Insurer's request for an EUO.  In fact, unlike the claimant in *Himmel*, Homeowners appeared at their EUO.  The only question is whether their purported partial compliance with this provision was sufficient to entitle them to benefits under the insurance contract, and—as we stated in *Himmel*—that is a question for the jury to decide.

A similar analysis applies to Homeowners' purported partial compliance with Insurer's SPOL requirement.  "When an insured does submit a sworn proof of loss, . . . the issue of whether the submitted document 'substantially complie[s] with policy obligations is a question of fact' which precludes the entry of summary judgment."  *Id.* at 493 (alteration in original) (quoting *State Farm Fla. Ins. Co. v. Figueroa*, 218 So. 3d 886, 888 (Fla. 4th DCA 2017)); *see also Heslope v. Univ. Prop. & Cas. Ins. Co.*, 46 Fla. L. Weekly D2474, 2021 WL 5348902, at *1 (Fla. 4th DCA Nov. 17, 2021) ("[T]he question of whether [the homeowner's] failure to include his spouse's signature, further describe the losses, or delineate his claimed building damage, personal property damage, or additional living expenses constituted a material breach of the policy was an issue of fact for the jury to determine, precluding summary judgment."); *Everett*, 310 So. 3d at 541.

6

Homeowners certainly submitted an SPOL. Insurer's argument is based on the document's purported insufficiency, not its nonexistence. Pursuant to *Himmel*, the jury should have had an opportunity to review Homeowners' SPOL and determine whether it constituted "substantial compliance" with the terms of the contract. Consequently, the trial court's decision to grant Insurer's motion for summary judgment was in error.

## Conclusion

As set forth above, the trial court erred in ruling that Homeowners did not sufficiently oppose Insurer's motion for summary judgment. Insurer has failed to "conclusively show that there is no genuine issue as to any material fact and that the moving party [(Insurer)] is entitled to a judgment as a matter of law" under the summary judgment standard in effect at the time of the court's final judgment. *Restoration Constr., LLC*, 308 So. 3d at 651 (quoting *McCarthy v. Broward Coll.*, 164 So. 3d 78, 80 (Fla. 4th DCA 2015)). Moreover, as in *Himmel*, genuine questions of material fact remain "for the jury to resolve in view of 'all of the facts and circumstances surrounding the loss.'" *Id.* at 652 (quoting *Himmel*, 257 So. 3d at 492).

*Reversed and remanded for further proceedings consistent with this opinion.*

GROSS and KUNTZ, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**