# Third District Court of Appeal

## State of Florida

Opinion filed March 23, 2022.

————————————

No. 3D21-763
Lower Tribunal No. 20-3172 SP

————————————

**Red Diamond Medical Group, LLC a/a/o Barbara Sori**
Appellant,

vs.

**Progressive American Insurance Company**,
Appellee.


An Appeal from the County Court for Miami-Dade County, Michaelle Gonzalez-Paulson, Judge.

Chad Barr Law, and Chad A. Barr (Altamonte Springs), for appellant.

de Beaubien, Simmons, Knight, Mantzaris & Neal, LLP, and Kenneth P. Hazouri (Orlando), for appellee.


Before LOGUE, SCALES and GORDO, JJ.

PER CURIAM.

<u>ON CONFESSION OF ERROR</u>

Red Diamond Medical Group, LLC, as assignee of Barbara Sori ("Insured"), appeals the trial court's grant of summary judgment in favor of Progressive American Insurance Company. Red Diamond sued Progressive for payment of Personal Injury Protection ("PIP") benefits after Progressive denied payment based on the Insured's failure to submit to an examination under oath ("EUO"). In opposition to Progressive's motion for summary judgment, Red Diamond submitted the Insured's affidavit attesting that she never received notice of any EUO. Red Diamond thus asserts it was error for the trial court to conclude that the Insured failed to satisfy a condition precedent to receiving benefits by failing to appear for an EUO because the Insured's affidavit established a genuine issue of material fact concerning whether the Insured received proper notice.

While the Florida Supreme Court has since amended Florida's summary judgment standard under Florida Rule of Civil Procedure 1.510 to conform with the federal standard for summary judgment, this amended rule does not apply here because the judgment predates the effective date of the amendment. Wilsonart, LLC v. Lopez, 308 So. 3d 961, 964 (Fla. 2020) (stating that the amendment to rule 1.510 applies prospectively). Progressive concedes that under the Florida summary judgment standard applicable at the time, summary judgment should have been denied on the grounds that

2

there was an issue of fact as to whether the Insured received Progressive's notices scheduling her EUOs. See Himmel v. Avatar Prop. & Cas. Ins. Co., 257 So. 3d 488, 491–92 (Fla. 4th DCA 2018) ("An insured's refusal to comply with a demand for an [EUO] is a willful and material breach of an insurance contract which precludes the insured from recovery under the policy. If, however, the insured cooperates to some degree or provides an explanation for [her] noncompliance, a fact question is presented for resolution by a jury." (internal citation omitted)); Dorez Elecs. Corp. v. Fleet Credit Leasing Corp., 623 So. 2d 1254, 1255 (Fla. 3d DCA 1993) ("If the existence of such issues or the possibility of their existence is reflected in the record, or the record raises even the slightest [reasonable] doubt in this respect, the judgment must be reversed." (alterations in original)).

Based upon Progressive's commendable confession of error, and our review of the record, we reverse the grant of summary judgment and remand for further proceedings. We note that doing so is without prejudice to Progressive's ability to seek summary judgment under Florida's new summary judgment standard on remand. Wilsonart, LLC, 308 So. 3d at 964; In re Amendments to Florida Rule of Civil Procedure 1.510, 317 So. 3d 72, 77–78 (Fla. 2021) ("In cases where a summary judgment motion was denied under the pre-amendment rule, the court should give the parties a

3

reasonable opportunity to file a renewed summary judgment motion under the new rule.").

     Reversed and remanded for further proceedings.