DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IRA WENZEL** and **NICOLE WENZEL**,
Appellants,

v.

**HOMEOWNERS CHOICE PROPERTY & CASUALTY INSURANCE COMPANY**,
Appellee.

No. 4D2023-0088

[April 24, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 502018CA001703.

George A. Vaka and Robert C. Hubbard of Vaka Law Group, P.L., Tampa, and Chase Florin and Hal S. Weitzenfeld of Florin Roebig, Palm Harbor, for appellants.

Andrew A. Labbe of Groelle & Salmon, P.A., Tampa, for appellee.

PER CURIAM.

After a jury trial, the circuit court granted the insurer's motion for judgment in accordance with a prior motion for directed verdict. Specifically, the circuit court concluded that the insured failed to provide the insurer with prompt notice of the loss. We agree with the insured that the trial court erred in directing a verdict for the insurer.

In *Restoration Construction, LLC v. SafePoint Insurance Co.*, 308 So. 3d 649 (Fla. 4th DCA 2020), we explained that "the issue of whether an insured provided 'prompt' notice generally presents an issue of fact." *Id.* at 652 (emphasis added) (quoting *Himmel v. Avatar Prop. & Cas. Ins. Co.*, 257 So. 3d 488, 492 (Fla. 4th DCA 2018)). However, because "[i]n some cases [even] a five-day delay could clearly prejudice an insurer's evaluation of a claim[,]" we declined to "create a bright line rule for when notice to an insurer is no longer 'prompt' [as a matter of law]." *Id.*; *cf. Kroener v. Fla. Ins. Guar. Ass'n*, 63 So. 3d 914, 916 (Fla. 4th DCA 2011) (holding that notice of loss provided over two years after the date of loss did not constitute "prompt" notice as a matter of law).

"A trial court may direct a verdict only when the evidence and all reasonable inferences fail to prove a plaintiff's case." *Martinolich v. Golden Leaf Mgmt., Inc.*, 786 So. 2d 613, 614 (Fla. 3d DCA 2001) (citation omitted). "Where evidence is conflicting, or will admit of different reasonable inferences, the issue should be submitted to the jury as a question of fact, and not passed upon by the judge as a matter of law." *Id.* at 615 (quoting *Level v. Getelman*, 444 So. 2d 1027, 1028 (Fla. 3d DCA 1984)). Here, the evidence submitted to the jury was susceptible to "different reasonable inferences" as to whether the insurer was prejudiced by the delay in providing notice of the loss. Thus, the trial court incorrectly set aside the jury's verdict when it granted the insurer's motion for judgment in accordance with the earlier motion for directed verdict.

Accordingly, we reverse the trial court's order directing verdict for the insurer and remand with instructions to reinstate the jury's verdict.

*Reversed and remanded.*

CONNER, KUNTZ and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**