# Third District Court of Appeal
## State of Florida

Opinion filed June 5, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1547
Lower Tribunal No. 16-5512 CC
_____

**United Automobile Insurance Company,**
Appellant,

vs.

**LFC Medical Center, Inc., etc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Cole, Scott & Kissane, P.A., and Scott A. Cole, and Francesca M. Stein, for appellant.

Christian Carrazana, P.A., and Christian Carrazana, for appellee.

Before FERNANDEZ, GORDO and LOBREE, JJ.

GORDO, J.

United Automobile Insurance Company ("United") appeals an order entering final judgment in favor of LFC Medical Center, Inc. ("LFC"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We reverse.

United alleges the trial court erred in granting LFC's motion for summary judgment because: (1) the insured failed to submit to an examination under oath ("EUO"), a condition precedent under the policy; (2) United did not anticipatorily breach the policy; and (3) the Independent Medical Examination Report created a genuine issue of material fact as to whether LFC's bills were reasonable, related and necessary. Based on the record before us, we find the trial court erred[1] in granting summary judgment in favor of the insured as United put forward sufficient evidence that the insured breached the policy by not attending the EUO,[2] and there remained

---

[1] However, we find no error in the trial court's determination that LFC's bills were reasonable, related and necessary. Specifically, the record below shows United failed to "cit[e] to [any] particular . . . materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" that the fact that LFC's bills were reasonable, related and necessary is "genuinely" in dispute. See Fla. R. Civ. P. 1.510(c)(1)(A) (stating "a party asserting that a fact . . . is genuinely disputed must support the assertion"). Further, United failed to show that LFC "cannot produce admissible evidence to support" that the bills were reasonable, related and necessary. See Fla. R. Civ. P. 1.510(c)(1)(B).

[2] This Court has held:

> [W]hen an insurer has alleged, as an affirmative defense to coverage, and thereafter has subsequently established, that an insured has failed to substantially comply with a contractually

2

genuine issues of material fact.   See Fla. R. Civ. P. 1.510(a); see also Himmel v. Avatar Prop. & Cas. Ins. Co., 257 So. 3d 488, 492 (Fla. 4th DCA 2018) ("If . . . the insured . . . provides an explanation for its noncompliance, a fact question is presented for resolution by a jury." (quoting Haiman v. Fed. Ins. Co., 798 So. 2d 811, 812 (Fla. 4th DCA 2001))); Morley v. Trafalgar Devs. of Fla., Ltd., 455 So. 2d 391, 394 (Fla. 3d DCA 1984) (noting whether the party claiming anticipatory repudiation "was in fact ready, willing and able to perform is a question of fact which precludes final summary adjudication of the issue."); Est. of Wolfe through Maass v. 224 Via Marila, LLC, 338 So. 3d 912, 917-18 (Fla. 4th DCA 2022) (holding the trial court's conclusion on whether there was an anticipatory breach "was a factual determination for the trier of fact, and, . . . it was not appropriate for summary judgment, as disputed issues of fact remain").

Reversed and remanded for further proceedings consistent with this opinion.

---

mandated post-loss obligation, prejudice to the insurer from the insured's material breach is presumed, and the burden then shifts to the insured to show that any breach of post-loss obligations did not prejudice the insurer.
See Am. Integrity Ins. Co. v. Estrada, 276 So. 3d 905, 916 (Fla. 3d DCA 2019).